UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 13-20020

*v.*

KENNETH FALAH DADO,

    *Defendant.*
    _____/

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>    (1)    The government moved for detention at Defendant's first appearance pursuant to:

        <u>XX</u>    18 U.S.C. § 3142(f)(1).

        <u>  </u>    18 U.S.C. § 3142(f)(2).

<u>  </u>    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

<u>  </u>    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

<u>  </u>    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

  __ the date of conviction, **or**

  __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.   Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

  XX  for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

  __  under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

  __  listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

  __  listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

  __  involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

  __  the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.   Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offenses charged in the First Superceding Indictment involve the possession of weapons and narcotic drugs, specifically marijuana. From the grand jury having returned a Superceding Indictment, I find that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 25 years of age, single and has no children. He has lived with his parents in Davison, Michigan, substantially all his life. Pretrial Services reports that Defendant has been employed in his father's business, Flint Auto Shop, for the past two years. Prior to that, he worked in other family businesses.

Defendant conceded to Pretrial Services that he has used marijuana since he was 19 years of age. He states that he has been prescribed marijuana, and uses it once or twice daily. Preliminary urinalysis screening was positive for marijuana.

To his credit, Defendant has no criminal history. However, the Government argues that there are no conditions nor any combination of conditions that will reasonably assure the safety of the community. In support, the Assistant United States Attorney placed into evidence a series of photographs depicting a marijuana growing operation spread throughout multiple rooms of the family home occupied by Defendant, pointing out that while the marijuana plants were confiscated during a search of the residence, much of the equipment and the "infrastructure" supporting the growing operation was not. In addition, Count 3 of the Superceding Indictment alleges that Defendant's parents aided and abetted his possession, manufacturing and distribution of marijuana. Even more troubling, however, are the representations of the Assistant United States Attorney, which were not directly denied by Defendant, that he purchased a number of guns, many of which are unaccounted for either in the family residence or the family business.

In light of these circumstances, I am forced to conclude on the record before me that the presumption in favor of detention has not been rebutted and that there are no conditions, nor any combination of conditions, that will reasonably assure the safety of the community. Accordingly, the government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be

afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: January 24, 2013

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

## CERTIFICATION

I hereby certify that this order was electronically filed this date, electronically served on Janet Parker and Russ Perry, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: January 24, 2013   By   s/Jean L. Broucek
Case Manager to Magistrate Judge Binder